FILED

OCT 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STAN LEE MEDIA, INC., a Colorado corporation, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> STAN LEE, an individual; et al., <br><br> Defendants - Appellees. | No. 12-56733 <br><br> D.C. No. 2:07-cv-00225-SVW-SS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted October 9, 2014
Pasadena, California

Before: HAWKINS and GRABER, Circuit Judges, and SEDWICK,[**] District Judge.

This appeal challenges the dismissal of Stan Lee Media, Inc.'s (SLMI) claims

that its intellectual property rights in comic book characters were violated by the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

legendary comic book creator Stan Lee. We affirm because SLMI failed to satisfy pleading requirements.[1]

To survive a motion to dismiss, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accepting as true the allegations made by SLMI in its complaint, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), the claims to the vast majority of properties fall short of the pleading requirement established in *Iqbal-Twombly*.

Appellant's central contention is that, in October 1998, Stan Lee assigned SLMI rights to valuable comic book characters, including Spider-Man, The X-Men, The Incredible Hulk, The Fantastic Four, Iron Man, Thor, Daredevil, and others ("the Marvel characters"),[2] and then breached that assignment. This argument is simply implausible.

The record demonstrates that, between the date the agreement was signed and the filing of related litigation in 2007, SLMI never announced that it owned rights to

---

[1] Although the district court dismissed on the ground that the claim was precluded by earlier shareholder derivative litigation, *Stan Lee Media Inc. v. Lee*, 2012 WL 4048871 (C.D. Cal. Aug. 23, 2012), a court of appeals "'may affirm on any basis supported by the record, whether or not relied upon by the district court.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686 (9th Cir. 2007).

[2] Consolidated Complaint at ¶ 2(a).

2

these characters (even when publicly disclosing company information pursuant to a securities offering), licensed the characters, produced content related to the characters, or asserted or attempted to enforce its ownership rights. During the course of SLMI's bankruptcy proceedings, which lasted from 2001 to 2006, neither the company, nor Stan Lee, nor SLMI's shareholders asserted that SLMI possessed an interest in the characters. Meanwhile, others were openly producing content and generating revenues from the characters. Given the significant value of these franchises, SLMI's failure to publicize, protect, or exploit its right to profit from the characters establishes that these claims are simply implausible.

SLMI also alleges that Stan Lee abridged the company's rights to certain lesser-known characters created in the course of his relationship with SLMI, such as The Drifter, The Accuser, and Stan's Evil Clone ("the Lee characters").

Although the Consolidated Complaint could be read to encompass the Lee characters, as well as the Marvel characters, SLMI's arguments on appeal concern only the latter. Indeed, SLMI affirmatively disclaimed an interpretation of the complaint that would include the Lee characters. In its reply brief, for example, SLMI asserted:

> [T]he claims for relief in the Abadin putative derivative case related only to a determination of intellectual property rights in three characters created after 1998 known as the Drifter, the Accuser and Stan's Evil

> Clone. [Opening] Brief at 15. **The present action asserts SLMI's ownership rights in characters that were created by Stan Lee prior to 1998**. [Opening] Brief at 51–54.

Reply Brief at 4–5 (emphasis added).

Therefore, we need not consider any potential claims related to the Lee characters. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments not raised in a party's opening brief are generally waived). We affirm the district court's dismissal.

**AFFIRMED.**